IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 95-06061 |
| | : | |
| LUIS ROJAS SANTIAGO and | : | CHAPTER 13 |
| ESTHER HERNANDEZ MARTINEZ, | : | |
| | : | |
| Debtors | : | |
| | : | |
| LUIS ROJAS SANTIAGO, et al., | : | ADV. NO. 05-00140 |
| | : | |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| SALLIE MAE SERVICING, et al.. | : | |
| | : | |
| Defendants | : | |
| | : | |
| IN RE: | : | CASE NO. 98-15422 |
| | : | |
| MARIA T. RIOS RODRIGUEZ, | : | CHAPTER 13 |
| | : | |
| Debtor | : | |
| | : | |
| MARIA T. RIOS RODRIGUEZ, | : | ADV. NO. 05-00101 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SALLIE MAE SERVICING, et al., | : | |
| | : | |
| Defendants | : | |
| | : | |

OPINION AND ORDER

This case is before the court upon the motion to dismiss filed by defendant Educational Credit Management Corporation ("ECMC") and the debtors' opposition thereto in the Rojas Santiago case, and ECMC's motion for summary judgment and

1

debtor's opposition thereto filed in the <u>Rios Rodriguez</u> case. At issue in both cases is whether interest accrues post-petition on the balance of a federally-insured student loan where the claim is paid in full through the chapter 13 plan.

Background

*Rojas Santiago case*

Debtors filed this adversary proceeding on June 15, 2005, seeking actual and punitive damages, costs and attorneys fees, for alleged violations by the defendants of the discharge injunction, 11 U.S.C. § 1327. Debtors filed a petition under chapter 13 of the Bankruptcy Code on October 11, 1995. They included Sallie Mae Servicing ("Sallie Mae") as an unsecured creditor on schedule F. On November 22, 1995, Sallie Mae filed an unsecured proof of claim in the amount of $2,625.00. Debtors amended plan was confirmed on April 26, 1996; it provided for full payment of Sallie Mae's proof of claim (dkt. #11). Sallie Mae did not file an objection to the confirmation of debtors' plan. On May 17, 2001, the chapter 13 trustee entered a final report and account indicating that the proofs of claim in the confirmed plan were paid in full (dkt. #21). According to debtors, Student Loan Marketing Association, acting on behalf of Sallie Mae, received payments totaling $2,665.61 between June 11, 1996 and May 14, 1998 from the chapter 13 trustee. On July 23, 2001, the court entered an order granting debtors a discharge and closing the case.

Approximately two and a half years after the entry of discharge, debtors received a letter from Sallie Mae notifying that their student loan was in default, referring to the student loan debt which was included in the confirmed chapter 13 plan. According to

2

AO 72
(Rev. 8/82)

debtors, they have received collection letters and bills and harassing phone calls from Sallie Mae. Further, debtors allege that ECMC has made collection efforts on behalf of Sallie Mae for this debt, including sending a collection letter. As a result, debtors filed this adversary proceeding.

ECMC filed a motion to dismiss on August 4, 2005 (dkt. #9). They argue that the complaint should be dismissed because it fails to state an actionable claim for violation of the Bankruptcy Code. According to ECMC, its handling of debtors' student loan was in accordance with 11 U.S.C. §523(a)(8), and therefore it is not liable to debtors for any damages. ECMC argues that the complaint should be dismissed because, pursuant to the statutory framework governing the treatment of student loans in bankruptcy, such loans are non-dischargeable in bankruptcy under § 523(a)(8) of the Code unless excepting them from discharge would impose an undue hardship on the debtor; however, since pursuant to § 502(b)(2) of the Code claims can only include pre-petition interest and principal, interest continues to accrue during the pendency of the bankruptcy proceeding and the debtor remains personally liable for it. According to ECMC, debtors' have not sought a determination that the balance owed on their student loans should be discharged for undue hardship; therefore, ECMC pursued collection efforts to recover the remaining balance of the student loan existing as a result of accrued post-petition interest.

*Rios Rodriguez case*

Maria Rios Rodriguez ("Rios Rodriguez") and Ramona Viera ("Viera") filed this adversary proceeding on April 21, 2005, seeking actual and punitive damages, costs and attorneys fees, for alleged violations by the defendants of the discharge injunction, 11

3

AO 72
(Rev. 8/82)

U.S.C. § 1328. Rios Rodriguez filed a petition under chapter 13 of the Bankruptcy Code on November 13, 1998. Rios Rodriguez obtain two student loans during the course of her studies, one on December 19, 1991, for which Viera was a co-debtor, and another on August 21, 1979. She included Sallie Mae Loan Servings (sic) Center ("Sallie Mae")[1] as an unsecured creditor for two student loans in the amounts of $1,621.03 and $2,521.11; she also included the U.S. Department of Education as an unsecured creditor for a student loan in the amount of $900.00. Sallie Mae filed two proofs of claim on January 8, 1999, no. 3 in the amount of $1,621.03 and no. 4 in the amount of $2,521.11. ECMC filed two proofs of claim regarding the aforementioned student loans; claim no. 7 was filed on January 22, 1999 in the amount of $3,966.59, and claim no. 9 was filed on February 22, 1999 in the amount of $771.36. Debtors plan, dated November 9, 1998, was confirmed on January 28, 1999; it provided for full payment of Sallie Mae's claims. Sallie Mae did not file an objection to the confirmation of debtors' plan. On February 3, 2004, the chapter 13 trustee entered a final report and account indicating that the proofs of claim in the confirmed plan were paid in full (dkt. #21).

Since May 3, 2004, debtor has received letters from ECMC and Sallie Mae notifying that her student loan is in default and requesting its payment; said collections efforts have extended to Viera, co-debtor on one of the student loans. Plaintiffs also allege they have received harassing telephone calls from defendants.

ECMC filed a motion for summary judgment on June 10, 2005 (dkt. #9). They

---

[1]Sallie Mae was an unsecured creditor of Rios Rodriguez by virtue of two student loans obtained by her, one of which was guaranteed by Guillermina Torres Santana.

4

argue that neither the chapter 13 plan nor the discharge order contained language indicating that excepting post-petition interest on debtor's student loans would impose an undue hardship on the debtor and/or her dependents. According to ECMC, student loans are nondischargeable and, absent proven hardship, pass through bankruptcy unaffected as to the debtor's personal liability for them. Further, ECMC argues, said loans continue to accrue interest post-petition during the pendency of the bankruptcy procedure and debtor is personally liable for the total amount of said debt.

Debtor filed a reply to the motion for summary judgment on September 7, 2005 (dkt. #19). She argues that ECMC's claims were paid in full pursuant to the chapter 13 plan and ECMC is bound by the terms of the plan and cannot now claim any additional payments.

On September 13, 2005, ECMC filed a motion clarifying the relationship between ECMC and Sallie Mae (dkt. #20). It indicates that ECMC is a successor guarantor of certain student loans where the borrower has filed a bankruptcy petition pursuant to the Federal Family Education Loan Program under the U.S. Department of Education under 20 U.S.C. § 1071 and 34 C.F.R. § 682.100. In the present case, ECMC was a successor guarantor via assignment of debtor's student loans from Great Lakes Higher Education Corporation ("GLHEC") and New York Higher Education Services Corporation ("NYHESC"), the original guarantors of the loans. Sallie Mae was the original lender of the loan guaranteed by GLHEC, which was assigned to ECMC on August 17, 1998, and, subsequent to debtor's discharge, was re-purchased by Sallie Mae. Washington Mutual Bank was the original lender of the loan guaranteed by NYHESC, which was assigned to

5

AO 72
(Rev. 8/82)

ECMC on January 22, 1999, and, subsequent to debtor's discharge, was re-purchased by Washington Mutual Bank.

Subsequently, ECMC responded to debtor's reply to their motion for summary judgment on October 3, 2005 (dkt. #24). ECMC requests that plaintiffs' complaint be dismissed because it does not currently hold any student loan of debtor, said loans having been re-purchased by the original lenders.

On October 27, 2005, Sallie Mae filed a motion indicating that it had retained ECMC's counsel and is adopting the motion filed by ECMC as its own (dkt. #26).

ECMC and Sallie Mae filed another motion for summary judgment on March 6, 2006 (dkt. #40). They detail service of process issues which arose, and were resolved, in the case, and adopt the prior motion for summary judgment (dkt. #9) and statement of uncontested material facts (dkt. #10) filed on June 10, 2005.

### Discussion

*Standard for Granting a Motion to Dismiss*

Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a defense of "failure to state a claim upon which relief can be granted" to a claim for relief may be presented by motion before the filing of a responsive pleading.

For the purposes of the motion to dismiss, "(1) the complaint is construed in the light most favorable to the plaintiff, (2) its allegations are taken as true, and (3) all reasonable inferences that can be drawn from the pleading are drawn in favor of the pleader." Federal Practice and Procedure § 1357 at 417, citing Viera-Marcano v.

6

Ramirez-Sanchez, 224 F. Supp. 2d 397 (D.P.R. 2002). See also, Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). The plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Id., citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). See also, LaChapelle v. Berkshire Life Insurance Company, 142 F.3d 507, 508 (1st Cir. 1998) (In determining a motion to dismiss under Rule 12(b)(6), the court must "determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory.")

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Federal Practice and Procedure § 1357 at 571, quoting Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed2d 80 (1957); see also, In re Diamond, 346 F.3d 224 (1st Cir. 2003); Leopoldo Fontanillas, Inc. v. Luis Ayala Colon Sucesores, Inc., 283 F.Supp.2d 579 (D.P.R. 2003); Eastern Food Services, Inc. v. Pontifical Catholic University of Puerto Rico Service Association, Inc., 222 F. Supp. 2d 131, 134 (D.P.R. 2002). Therefore, "the question on a motion to dismiss under Rule 12(b)(6) is whether in the light most favorable to the plaintiff, and with every doubt resolved in the pleader's behalf, the complaint states any legally cognizable claim for relief." Id. at 640. Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for something more than conclusory allegations. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d

7

AO 72
(Rev. 8/82)

962, 971 (1st Cir. 1993). The court will not accept unsupported conclusions or interpretations of the law. Id.

*Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also,* In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright and Miller, Federal Practice and Procedure § 2712 (3d ed. 1998). "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial.

AO 72
(Rev. 8/82)

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case.

9

Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

*Dischargeability of Student Loans in Bankruptcy*

In Chapter 13, all debts that arose before the date of the order of relief that are not excepted from discharge pursuant to section 523 and are paid in accordance with the confirmed chapter 13 plan are discharged upon the completion of the plan. 11 U.S.C. § 1328(a). Pursuant to section 523(a)(8) of the Bankruptcy Code, student loans which are made, insured or guaranteed by the government are nondischargeable in bankruptcy proceedings unless excepting them from discharge will impose an undue hardship on the debtors and his or her dependents. 11 U.S.C. § 523(a)(8); Smith v. ECMC, 2005 WL

10

1322991 (BAP 1st Cir.); In re Savage, 311 B.R. 835, 838-89 (BAP 1st Cir. 2004). Nondischargeable debts pass through bankruptcy unaffected and are a post-bankruptcy liability of the former debtor for which they remain personally responsible. In re Cousins, 209 F.3d 38, 40 (1st Cir. 2000). The debtors herein have not requested an exception from discharge based upon hardship, so any amount of their student loans not paid through the plan is not dischargeable.

*Post-Petition Accrual of Interest on Student Loans*

Although the amount claimed by ECMC in their proof of claim - the balance due on the student loans plus interest accrued as of the date of the petition - was paid in full through the debtors' chapter 13 plan, ECMC argues that interest continued to accrue post-petition on the unpaid balance throughout the bankruptcy case and is now due and non-dischargeable.

If student loan debt and pre-petition interest on said debt is included in the chapter 13 plan, then the student loan debt may be paid in full through the life of the plan; however, the debtor cannot propose to pay, and the creditor cannot claim, post-petition interest on student loan debt under 11 U.S.C. § 502. In re Girard, 243 B.R. 894, 897 (Bankr. M.D. Ala. 1999); *see also* In re Sprolito, ___ B.R. ___, 2006 WL 3895066 (Bankr. D.P.R. September 15, 2006) (student loan creditor is prohibited by § 502(b)(2) from including unmatured, post-petition interest in proof of claim). Section 502(b0(2) "only prohibits creditors form filing claims for unmatured interest against the bankruptcy *estate*. It does not address whether a creditor may recover such interest from the debtor *personally* after bankruptcy." In re Boone, 215 B.R. 386, 388 (Bankr. S.D. Ill. 1997).

11

AO 72
(Rev. 8/82)

In <u>Bruning v. United States</u>, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), the Supreme Court of the United States held that since tax liabilities were non-dischargeable under the Bankruptcy Act, interest on such debts continues to accrue post-petition.  The Court in <u>Bruning</u> "distinguished between denial of post-petition interest against the *bankruptcy estate* on a nondischargeable debt and the accrual of interest on a nondischargeable debt during the pendency of the bankruptcy to be collected from the *debtor* after the bankruptcy proceeding is completed." <u>In re Cousins</u>, 209 F.3d 38, 40 n. 1 (1ˢᵗ Cir. 2000), quoting <u>Leeper v. Pennsylvania Higher Educ. Assistance Agency</u>, 49 F.3d 98. 101 (3d Cir. 1995) (emphasis added).   Said treatment was extended to non-dischargeable student loans[2] in <u>Cousins</u>, wherein the First Circuit Court of Appeals held that debtors remain liable for post-petition interest on a non-dischargeable pre-petition debt.  Accordingly, "even a 100% plan cannot pay off a nondischargeable interest bearing student loan." <u>Sprolito</u>; *see also*, <u>In re Boone</u>, 215 B.R. 386 (Bankr. S.D.Ill. 1997) (holding that interest continues to accrue post-petition on debtor's non-dischargeable student loan debt during the pendency of her chapter 13 case and she remains personally liable for the same, even though she paid the full amount of the creditor's claim through her chapter 13 plan).  Since student loans are nondischargeable, interest that accrues on them post-petition, even if the loans themself and pre-petition interest thereon are paid through the plan, is nondischargeable and the debtor must pay it after the plan is complete and he has been discharged of his other debts. <u>Girard</u>, 243 B.R. at 897.

---

[2]"[S]tudent loans under § 1328(a) and tax liabilities under § 1228(a) receive identical treatment under *Bruning*."  209 F.3d at 42 fn. 1.

12

While the main purpose behind the Bankruptcy Code was to ensure that a debtor receives a fresh start by discharging his pre-petition debts and, as a result, exceptions to discharge are construed narrowly, there are several important policy reasons behind Congress' exception of student loans from discharge in bankruptcy, including rescuing the student loan program from insolvency and preventing abuse of the system.  In re Murphy, 257 B.R. 72, 76 (Bankr. N.D. Ala. 2000).  "These same policy concerns which persuaded Congress to declare student loans non-dischargeable also dictate that postpetition interest on these loans survive bankruptcy."  Id.

13

Conclusion

The court finds that interest continues to accrue post-petition on non-dischargeable student loans and the debtor remains personally liable for the same, even when the student loan creditor's claim for the balance due and pre-petition interest is paid in full through the chapter 13 plan.  Accordingly, ECMC's motion to dismiss adversary proceeding no. 05-00140 is granted, and their motion for summary judgment in adversary proceeding no. 05-00101 is granted.  Additionally, Sallie Mae's motion for summary judgment in adversary proceeding no. 05-00101 is granted.   ECMC and Sallie Mae may proceed to collect interest which accrued on the unpaid balance of debtor's student loans during the course of their chapter 13 case

SO ORDERED.

In San Juan, Puerto Rico, this 7th day of March, 2007.

ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

14